IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CELEBRATION IP LLC,                )
                                   )
                Plaintiff,         )
                                   )   C.A. No. 22-248-MN
        v.                         )
                                   )   **JURY TRIAL DEMANDED**
ULTRALIFE CORPORATION,             )
                                   )
                Defendant.         )

### ULTRALIFE CORPORATION'S ANSWER TO
### CELEBRATION IP LLC'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Ultralife Corporation ("Ultralife"), by counsel, answers the Complaint for

Patent Infringement filed on February 25, 2022, by Plaintiff Celebration IP LLC ("Plaintiff") as

follows:

### PARTIES

1.      Ultralife admits that Plaintiff purports to be a corporation organized and existing

under the laws of Texas that maintains its principal place of business at 6009 W Parker Rd, Ste

149 - 1091, Plano, TX 75093-8121.

2.      Ultralife admits that it is a company organized and existing under the laws of

Delaware with a principal place of business at 2000 Technology Parkway, Newark, NY 14513.

### JURISDICTION

3.      Ultralife admits that Plaintiff's Complaint purports to initiate an action for patent

infringement arising under the patent laws of the United States, Title 35 of the United States Code.

Except as expressly admitted, Ultralife denies the remaining allegations in Paragraph 3 of the

Complaint.

{01802739;v1 }

4.      Paragraph 4 of the Complaint alleges legal conclusions to which no response by Ultralife is required.

5.      Ultralife admits that this Court has personal jurisdiction over Ultralife.  Except as expressly admitted, Ultralife denies the remaining allegations in Paragraph 5 of the Complaint.

### VENUE

6.      Ultralife admits that venue is proper in this District under 28 U.S.C. § 1400(b). Except as expressly admitted, Ultralife denies the remaining allegations in Paragraph 6 of the Complaint.

### PATENT-IN-SUIT

7.      Ultralife is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the Complaint and on that basis denies them.

### THE '795 PATENT

8.      Ultralife admits that United States Patent No. 6,346,795 (" '795 patent") on its face is entitled "Discharge control circuit of batteries" and reflects an issue date of February 12, 2002. Ultralife further admits that the face of the '795 patent indicates a claim of priority to Application No. 09/769,344, filed on January 26, 2001.  Ultralife further admits that a copy of a document that appears to be the '795 patent is attached to the Complaint as Exhibit 1.  Except as expressly admitted, Ultralife denies the remaining allegations in Paragraph 8 of the Complaint.

9.      Ultralife denies the allegations of Paragraph 9.

### COUNT 1: INFRINGEMENT OF THE '795 PATENT

10.      Ultralife incorporates the above paragraphs herein by reference.

11.      Ultralife denies the allegations of Paragraph 11 of the Complaint.

12.      Ultralife denies the allegations of Paragraph 12 of the Complaint.

13.     Ultralife admits that Exhibit 2 to the Complaint includes charts comparing the Exemplary '795 Patent Claims to the Exemplary Defendant Products.  Except as expressly admitted, Ultralife denies the remaining allegations in Paragraph 13 of the Complaint.

14.     Ultralife denies the allegations of Paragraph 14 of the Complaint and affirmatively alleges that it has not infringed any valid, enforceable, and properly construed claim of the '795 patent, including, but not limited to, as alleged in the claim charts of Exhibit 2 to the Complaint.

15.     Ultralife denies the allegations of Paragraph 15 of the Complaint.

## GENERAL DENIAL

16.     Ultralife further denies each and every allegation in the Complaint that is not specifically admitted, denied, or otherwise responded to in this Answer.

## DEFENSES

Ultralife asserts the following defenses in response to the Complaint.

## FIRST DEFENSE: NON-INFRINGEMENT

17.     No product made, used, sold, offered for sale, or imported by Ultralife infringes any valid, enforceable, and properly construed claim of the '795 patent directly or indirectly, literally or under the doctrine of equivalents.

## SECOND DEFENSE: INVALIDITY

18.     One or more claims of the '795 patent are invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including, but not limited to, the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.  Without limiting the generality of the foregoing, the inventions claimed in the '795 patent were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for the '795 patent or were patented or described in a printed

publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the January 26, 2001 date of the application for the '795 patent in the United States reflected on the face of the '795 patent.  Any differences between the subject matter claimed in the '795 patent and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.  In addition, one or more claims of the '795 patent are invalid as indefinite or because their full scope is not enabled, nor described, by the written description of the '795 patent.

## RESERVATION OF ADDITIONAL DEFENSES AND COUNTERCLAIMS

19.     Ultralife is currently without sufficient knowledge or information on which to form a belief as to whether additional defenses or counterclaims are available.  Ultralife thus reserves the right to amend this Answer to assert, or otherwise to assert in this matter, any and all defenses and counterclaims that may become apparent through discovery or through further analysis of Plaintiff's positions, claims, and allegations in this matter.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Ultralife respectfully requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Ultralife respectfully requests the Court to enter judgment as follows:

A.      A judgment that the '795 patent is invalid and/or unenforceable;

B.      A judgment that Ultralife has not infringed any valid, enforceable, and properly construed claim of the '795 Patent directly or indirectly, literally or under the doctrine of equivalents;

C.      A judgment that Plaintiff is entitled to no damages;

D.      A judgment that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding Ultralife its reasonable attorney fees;

E.      A judgment awarding Ultralife its costs; and

F.      A judgment granting Ultralife such other and further relief as the Court may deem just and proper.


                                              ASHBY & GEDDES

                                              */s/ Andrew C. Mayo*

                                              Andrew C. Mayo (#5207)
                                              500 Delaware Avenue, 8th Floor
                                              P.O. Box 1150
*Of Counsel:*                                 Wilmington, DE 19899
                                              (302) 654-1888
Shawn G. Hansen                               amayo@ashbygeddes.com
Nixon Peabody LLP
300 South Grand Avenue, Suite 4100            *Attorneys for Defendant*
Los Angeles, CA 90071-3151
(213) 629-6190

Dated: May 23, 2022